# 2002 DTA 109

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V DE PONCE Y AIBONITO

ADMINISTRACION DE REGLAMENTOS Y PERMISOS
Recurrente

v.

JOHNNY RIVERA MORALES Y/O JOHNNY TRUCKING
Recurridos

Núm. KLCE-02-00362

San Juan, Puerto Rico, a 17 de junio de 2002

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Aponte Jiménez y la Juez Pabón Charneco

Pabón Charneco, Jueza Ponente

### TEXTO COMPLETO DE LA RESOLUCION

Comparece ante nos la Administración de Reglamentos y Permisos, en adelante, A.R.P.E., solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Mediante dicho dictamen, el tribunal *a quo* ordenó la paralización de los procedimientos en el caso de autos.

Por las razones que expresamos a continuación, se expide el auto solicitado.

### I

Conforme surge del recurso ante nuestra consideración, el 14 de julio de 2000, A.R.P.E. le concedió un

permiso de uso a Johnny Rivera, en adelante, Johnny Rivera, a fin de que operara las oficinas de su negocio Johnny Trucking. El negocio es uno de alquiler de equipo pesado y camiones de acarreo. Se alega que los camiones y el equipo pesado son estacionados y se les da mantenimiento en el predio donde ubican las oficinas profesionales de dicho negocio. Se plantea que, al momento de presentar la solicitud original de permiso de uso, A.R.P.E. no requirió permiso para el estacionamiento. El mismo fue requerido por el Departamento de Salud al momento de solicitar la licencia sanitaria. En su consecuencia, y como resultado de este requerimiento, Johnny Rivera presentó el 20 de abril de 2001, una Consulta de Ubicación ante A.R.P.E. por tiempo indefinido, o sea, uso permanente.

Por otra parte, el 7 de marzo de 2001, Dennis H. Núñez Ríos remitió una carta a A.R.P.E. informando que se operaba un uso que carecía de los permisos correspondientes. El mismo, conforme alegó, interfería con la seguridad, la salud y el disfrute de su propiedad. El 16 de marzo de 2001, A.R.P.E. realizó una inspección en la dirección objeto de la querella, ▮ encontrándose que se operaba, en un área no zonificada, un área de estacionamiento y mantenimiento de camiones sin los permisos correspondientes.

El 23 de marzo de 2001, se instó querella ▮ ante A.R.P.E. El 11 de mayo de 2001, se realizó una segunda inspección verificándose que el uso continuaba en operación sin los permisos correspondientes. El 18 de junio de 2001, se le remitió una carta a Johnny Rivera señalándole que operaba una actividad industrial de estacionamiento y mantenimiento de equipo pesado sin los permisos adecuados. Se le concedió, en dicha comunicación, quince (15) días para comparecer ante A.R.P.E.

El 27 de julio de 2001, Johnny Rivera se comunicó al Centro de Servicios de Guayama para informar que había presentado una solicitud de permiso de uso la cual se encontraba en su fase ambiental. El 30 de julio de 2001, Johnny Rivera acudió a dicho Centro a fin de recibir una orientación. Al día siguiente, solicitó una prórroga de noventa (90) días para concluir el trámite en cuanto al permiso de uso.

Así las cosas, el 5 de octubre de 2001, se realizó una tercera inspección en donde se encontró el uso en operación sin permiso. En su consecuencia, A.R.P.E. interpuso el 16 de noviembre de 2001, una petición al amparo del Art. 28 de la Ley Núm. 76 de 24 de junio de 1975, según enmendada, conocida como *"Ley Orgánica de la Administración de Reglamentos y Permisos"*, 23 L.P.R.A. sec. 72. El tribunal *a quo* señaló la vista para el 7 de febrero de 2002.

El 5 de febrero de 2002, se inspeccionó por cuarta ocasión el lugar objeto de la querella, verificándose que continuaba su uso en operación.

En la vista del caso ante el Tribunal de Primera Instancia, A.R.P.E. le solicitó a dicho foro dictara una orden de paralización permanente por estar operando en contravención de las leyes y reglamentos vigentes. Johnny Rivera, por su parte, argumentó que A.R.P.E. carecía de jurisdicción para conceder permisos en áreas no zonificadas. Asimismo, le notificó al tribunal recurrido que había presentado ante la Junta de Planificación la Consulta de Ubicación Núm. 2002-68-0055-JPU para operar el uso industrial de estacionamiento y mantenimiento de vehículos pesados.

El tribunal *a quo* solicitó a las partes memorandos de derecho. Sometidos los mismos, y luego de otros trámites procesales, el 8 de marzo de 2002, dicho foro ordenó la paralización de los procedimientos en el caso de autos. Asimismo, concedió cuarenta y cinco (45) días, a partir de la aprobación de la reglamentación que emitiera la Junta de Planificación para poner en vigor las disposiciones de la Ley Núm. 129 de 12 de septiembre de 2001, para culminar con el proceso de obtención o denegación del permiso solicitado. A su vez, autorizó a continuar con la operación del negocio de alquiler de camiones y arrastres, siempre que no se realizaran actividades que afectaran la comunidad aledaña, ni el medio ambiente.

Inconforme con dicha determinación, A.R.P.E. recurre a este Tribunal el 12 de abril de 2002. El 15 de mayo de 2002, ordenamos a Johnny Rivera mostrara causa por la cual no debíamos expedir el recurso incoado. Habiendo comparecido dicha parte, procedemos según intimado.

## II

En su recurso, A.R.P.E. plantea que incidió el Tribunal de Primera Instancia al no dictar la orden de paralización permanente según solicitado; y a su vez ordenar la paralización de los procedimientos permitiéndole a Johnny Trucking continuar operando.

## III

Durante el año 1975, la Asamblea Legislativa de Puerto Rico reorganizó el sistema de planificación de Puerto Rico. A esos efectos, aprobó la Ley Núm. 75 de 24 de junio de 1975, según enmendada, conocida como *"Ley Orgánica de la Junta de Planificación de Puerto Rico"* ■ y la Ley Núm. 76, *supra*. ■ La primera autorizó una nueva ley orgánica para la Junta de Planificación y la segunda creó a A.R.P.E. *Com. Vec. Pro-Mej., Inc. v. J.P.*, 147 D.P.R. ___ (1999); **99 J.T.S. 32**.

Entre los objetivos que enmarcan la aprobación de la Ley Núm. 75, *supra*, está el siguiente:

*"[...] guiar el desarrollo integral de Puerto Rico de modo coordinado, adecuado, económico, el cual, de acuerdo con las actuales y futuras necesidades sociales y los recursos humanos, ambientales, físicos y económicos, hubiere de fomentar en la mejor forma la salud, la seguridad, el orden, la convivencia, la prosperidad, la defensa, la cultura, la solidez económica y el bienestar general de los actuales y futuros habitantes, y aquella eficiencia, economía y bienestar social en el proceso de desarrollo, en la distribución de la población, en el uso de las tierras y otros recursos naturales, y en las mejoras públicas que tiendan a crear condiciones favorables para que la sociedad pueda desarrollarse integralmente."*

Art. 4 de la Ley Núm. 75, *supra*, 23 L.P.R.A. sec. 62c.

El Art. 11 ■ de la Ley Núm. 75, *supra*, enumera las funciones y facultades de la Junta de Planificación. Entre ellas, incluye preparar y adoptar planes de usos de terrenos y establecer la política pública que conduzca al establecimiento de un plan de desarrollo integral de Puerto Rico. *Com. Vec. Pro-Mej., Inc. v. J.P.*, *supra*. Así también, reconoce la facultad de la Junta de Planificación de delegar en A.R.P.E. algunos de sus deberes y responsabilidades. *Id.* Sobre éste último aspecto, dicha disposición reza:

*"...*

*(19) Delegar en la Administración de Reglamentos y Permisos deberes y responsabilidades que, en ley o de acuerdo a los Reglamentos de Planificación, se reserven a la Junta, en los siguientes casos:*

*(a) Casos o determinaciones en los que medien cualesquiera de las siguientes condiciones:*

*(i) Que requieran acción en la "fase operacional", según se define en este Capítulo.*

*(ii) Que la estructuración o decisión a adoptarse no requiera implantar una política general o una definición de política pública, por haber sido éstas ya establecidas o adoptadas por la Junta;*

*(iii) Que la Junta determine, a la luz de la función de dicha Administración, que pueden resolverse los casos o adoptarse las determinaciones con más celeridad o eficiencia por la Administración; y*

*(iv) Que la delegación de éstos en la Administración no cause entorpecimiento indebido a dicha agencia*

*para cumplir con las funciones que la ley impone.*

*(b) La adopción de enmiendas a los mapas de zonificación en áreas previamente zonificadas y la consideración y resolución de consultas de ubicación y de proyectos públicos, salvo en aquellos casos en que la Junta de Planificación delegue tales funciones a las Comisiones Locales o Regionales de Planificación u otros organismos.*

*...".*

23 L.P.R.A. sec. 62j.

Por otro lado, en materia de planificación física, la A.R.P.E. es una criatura producto de la legislación conjunta y coetánea arriba mencionada donde la fase operacional y de permisología queda enteramente bajo esta agencia y los elementos conceptuales, reglamentarios y de zonificación permanecen en la Junta de Planificación. Leyes Núms. 75 y 76, *supra.*

A tales efectos, el Art. 5 de la Ley Núm. 76, *supra*, establece que A.R.P.E. tendrá las siguientes facultades, entre otras:

*"...*

*(p) Aplicar y velar el cumplimiento de sus propios reglamentos, de los Reglamentos de Planificación que haya adoptado o adopte la Junta de Planificación de Puerto Rico para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza, o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico.*

*(q) Ejercer las funciones, deberes y responsabilidades que delegue la Junta de Planificación, conforme a la autorización y condiciones consignadas mediante Resolución de la Junta, reglamento o en las secs. 62 a 63j de este título.*

*...".*

23 L.P.R.A. sec.71d.

En relación al inciso (p) en *Junta de Planificación v. J.A.C.L.,* 109 D.P.R. 210 (1979), el Tribunal Supremo expresó:

*"En virtud de la nueva Ley Orgánica de la Administración de Reglamentos y Permisos, Ley Núm. 76 de 24 de junio de 1975, 23 L.P.R.A. sec. 71, se adoptó un nuevo esquema administrativo mediante el cual se transfirió a A.R.P.E. las funciones operacionales que hasta entonces desempeñaba la Junta de Planificación y se confirió a este nuevo organismo la facultad de aplicar y velar por el cumplimiento de las leyes y reglamentos de planificación. La Junta de Planificación quedó estructurada por una nueva ley orgánica que la liberó de esas funciones operacionales y, por otro lado, fortaleció sus funciones de integrar y coordinar la formulación de política pública sobre el desarrollo físico, económico y social de Puerto Rico. ...".*

A las págs. 214 y 215.

A su vez, el Art. 16 ▇ de la Ley Núm. 76, *supra*, dispone que no podrá usarse ningún terreno o edificio, ni ninguna parte de éstos, a menos que el uso sea de conformidad con los reglamentos que al efecto se preparen y de acuerdo con el permiso que se conceda por A.R.P.E.

Desde su creación y al amparo de los preceptos mencionados, A.R.P.E. expidió miles de permisos en áreas no zonificadas en todo Puerto Rico. Ningún tribunal o agencia administrativa había cuestionado su facultad y los permisos expedidos. Sin embargo, dicha delegación concedida a A.R.P.E. fue disputada en *Com. Vec. Pro-Mej., Inc. v. J.P., supra*. En este caso, se trataba de una planta dosificadora de asfalto a la cual A.R.P.E. había autorizado un permiso de uso temporero por tres (3) años. En dicha ocasión, A.R.P.E. actuó a tenor con la Resolución JPD-11 de la Junta de Planificación, que le confería autoridad para conceder permisos temporeros en todos los casos de plantas dosificadoras. La parte solicitante no compareció ante la Junta de Planificación a requerir una Consulta de Ubicación, sino que la petición fue presentada directamente ante A.R.P.E.

La reglamentación aplicable, sin embargo, requería que ciertos proyectos industriales, entre éstos las plantas dosificadoras, fuesen considerados en primera instancia por la Junta de Planificación.

En vista de lo anterior, el Tribunal Supremo de Puerto Rico concluyó que la delegación a A.R.P.E. hecha en dicho caso resultaba ilegal por estar expresamente prohibida por el Reglamento de la propia Junta de Planificación.

El Tribunal Supremo, a su vez, expresó lo siguiente:

*"[D]e una lectura de las disposiciones legales relacionadas con la delegación de funciones de la Junta a A. R.P.E., se desprende que el legislador no tuvo la intención de autorizar a la Junta a delegar en A.R.P.E. la toma de decisiones relacionadas con las áreas no zonificadas. La Ley Núm. 75, supra, al enumerar las instancias de delegación de una agencia a otra, omite hacer referencia a la delegación de funciones en áreas no zonificadas. A través del estatuto, el legislador autoriza la delegación de la consideración de proyectos y enmiendas a los mapas de zonificación sólo en aquellas áreas que han sido previamente zonificadas."*

Este Tribunal, en ocasión anterior, *Galarza Arzola v. Administración de Reglamentos y Permisos*, KLRA-2000-00949, se enfrentó a una controversia sobre el alcance de la decisión del Tribunal Supremo, a la luz de lo arriba transcrito. Allí señalamos que dicha expresión del Tribunal Supremo constituía un *obiter dictum*.

Por otro lado, a la luz de la decisión anterior, el Art. 11, antes citado, fue enmendado mediante la Ley Núm. 129, *supra*. En su consecuencia, se autorizó expresamente a la Junta de Planificación a delegar en A.R.P.E. la resolución de casos y el poder de tomar determinaciones sobre asuntos en que la Junta de Planificación no se haya reservado jurisdicción exclusiva y que se relacionen con áreas no zonificadas.

La ley autorizó a la Junta de Planificación a elaborar y adoptar dentro del término de noventa (90) días la reglamentación necesaria para definir con precisión el alcance, responsabilidades, limitaciones y condiciones de la delegación otorgada mediante esta Ley. Las facultades y responsabilidades delegadas entrarían en vigor una vez la reglamentación fuera aprobada por el Secretario de Estado.

## IV

Procedamos analizar la controversia ante nos a la luz de la normativa reseñada.

En su escrito, A.R.P.E. nos señala que, conforme al ordenamiento jurídico, le corresponde a ella aplicar y velar por el cumplimiento de las leyes y reglamentos de planificación. Arguye que, en el caso de marras, la petición incoada ante el foro de instancia se realiza en virtud del Art. 28 de la Ley Núm. 76, *supra,* el cual autoriza a A.R.P.E. a solicitar al tribunal, mediante un procedimiento especial sumario, una orden de paralización permanente de un uso o de una construcción que se opera o se realiza sin los permisos correspondientes en violación a la citada Ley Núm. 76.

Comencemos señalando que el mencionado Art. 28 establece, en lo pertinente:

*"El Administrador o el Secretario de Justicia en los casos en los que así se solicite a nombre del Pueblo de Puerto Rico, o de cualquier otro propietario u ocupante de una propiedad vecina, que resultare o pudiera resultar especialmente perjudicado por cualesquiera de dichas violaciones, además, de los otros remedios provistos por ley, podrá entablar recurso de interdicto, mandamus, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construido, o cualquier edificio o uso, hechos o mantenidos en violación de este Capítulo o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración.*

*Esta autorización no priva a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a este Capítulo y a todos los reglamentos relacionados con la misma, para evitar cualquier estorbo (nuisance) o adyacente, o en la vecindad, de la propiedad o vivienda de la persona afectada...*

*(b) Tendrán derecho a presentar la petición los colindantes y vecinos que pudieren ser afectados por la violación y los funcionarios designados por los organismos gubernamentales que insten la acción, así como ingenieros o arquitectos que actúen como proyectistas o inspectores de la obra...".*

A.R.P.E. entiende que la controversia planteada en el caso de marras es una invocada bajo el Art. 28, supra, limitada a si la parte querellada tiene o no un permiso de uso, esto independientemente del trámite que tenga que seguir la parte para obtener el permiso de uso. Arguyen que ante la carencia del permiso de uso correspondía al Tribunal de Primera Instancia ordenar la paralización permanente del uso.

Este Tribunal recientemente resolvió una controversia similar a la de autos (KLCE-02-00405). ██ En dicha Sentencia, señalamos:

*"...*

*La Ley ordena a la Junta elaborar la reglamentación correspondiente para implementar dicha delegación. El Tribunal de Primera Instancia entendió que como este trámite aún no se ha completado, debía paralizarse el caso de autos. No estamos de acuerdo.*

*Lo cierto es que la Ley Orgánica de A.R.P.E. concede amplia facultad a dicho organismo para presentar peticiones de injunction, bajo el procedimiento especial establecido por dicho estatuto. Dicho precepto, según hemos visto, adopta una postura de liberalidad en cuanto a la legitimación para instar acciones de este tipo, concediendo facultad para ello, no sólo a A.R.P.E., sino al Secretario de Justicia, a cualquier propietario y/u ocupante de una propiedad vecina, a los colindantes y vecinos, a los funcionarios designados por los organismos gubernamentales, así como a los ingenieros y arquitectos que actúan como proyectistas o inspectores de una obra. 23 L.P.R.A. sec. 72.*

*Es nuestra opinión que, a partir de la aprobación de la Ley Núm. 76 de 24 de junio de 1975, A.R.P.E. siempre ha gozado de la facultad de aprobar consultas relacionadas a áreas no zonificadas. Aún si ese no fuera el caso, según sugerido por la expresión citada del Tribunal Supremo en Comité de Vecinos Pro Mejoramiento, Inc. v. Junta de Planificación, somos de la opinión que A.R.P.E. goza de la capacidad de instar injunctions para solicitar la prohibición de actividades no autorizadas en áreas no zonificadas.*

*La concesión de permisos de uso, según nuestro ordenamiento, es materia dentro de la competencia exclusiva de A.R.P.E., 23 L.P.R.A. sec. 71o.*

*Sería un contrasentido decir que el Secretario de Justicia, los vecinos y colindantes de la propiedad, o los ingenieros y arquitectos gozan de legitimación para instar un injunction en este tipo de casos, pero que A.R.P. E. carece de esta facultad, en un área que le ha sido asignada por ley.*

*Aunque la facultad de la Junta de delegar a A.R.P.E. aprobaciones de consultas en áreas no zonificadas pueda resultar controversial, su potestad de delegarle funciones en etapas operacionales de proyectos o cuya decisión no requiera implantar o definir una política pública general no lo es. Creemos que la presentación de una petición de injunction para prohibir a una parte operar un negocio sin el correspondiente permiso de uso pertenece a este último tipo de determinación.*

*En cualquier caso, la falta de autoridad de A.R.P.E. para instar la acción tampoco constituiría un impedimento para que el Tribunal de Primera Instancia adjudicara la petición presentada. Lo que procedería, en tal circunstancia, sería que el foro recurrido simplemente desestimara la acción."*

Por otro lado, en el caso de autos, el recurrido nos señala que A.R.P.E. le autorizó a operar su negocio de alquiler de equipo pesado y camiones. Sin embargo, plantea que nunca se le requirió el estacionamiento en controversia. De hecho, dicho permiso le fue requerido por el Departamento de Salud. Asimismo, nos señala que la Consulta de Ubicación requerida para el estacionamiento fue sometida a A.R.P.E., y luego de ésta declararse sin jurisdicción, se sometió a la Junta de Planificación, la cual está pendiente de aprobación. Arguye que si se paraliza el uso del estacionamiento y mantenimiento de los camiones y·equipo de su compañía y luego le aprueban la Consulta de Ubicación, sus perdidas serán irrecobrables.

Al hacer su determinación sobre la concesión de un permiso de un *injunction* solicitado al amparo del Art. 28, *supra*, el tribunal deberá considerar el correspondiente balance de intereses en conflicto. *A.R.P.E. v. Ozores Pérez*, 116 D.P.R. 816 (1986).

Al devolverse el asunto al foro de origen, por lo tanto, el Tribunal de Primera Instancia podrá considerar los planteamientos del recurrido arriba señalados en torno a la conducta de A.R.P.E. No percibimos fundamentos en derecho, sin embargo, para la determinación del Tribunal de abstenerse de adjudicar la petición y paralizar los procedimientos.

**V**

Por los fundamentos expresados anteriormente, se expide el auto y se Revoca la resolución recurrida. Se devolverá el asunto al Tribunal de Primera Instancia a fin de que proceda a adjudicar la petición de la agencia.

Así lo acordó y manda y lo certifica la señora Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

**ESCOLIOS 2002 DTA 109**

**1.** La dirección del negocio es Carr. 14 Km. 48.6 Interior en el Barrio Pasto, Aibonito.

**2.** Querella Núm. 01QU4-0000-01010.

**3.** 23 L.P.R.A. sec. 62 *et seq.*

**4.** 23 L.P.R.A. sec. 71 *et seq.*

**5.** 23 L.P.R.A. sec. 62j.

**6.** 23 L.P.R.A. sec. 71o.

**7.** Juez Brau Ramírez, Juez Ponente.