EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen Vélez Rodríguez<br><br>Recurrida<br><br>v.<br><br>Administración de<br>Reglamentos y Permisos<br><br>Apela<br><br>Edwin Rivera Delgado<br><br>Opositor-Peticionario | Certiorari<br><br>2006 TSPR 69<br><br>167 DPR \_\_\_\_ |

Número del Caso: CC-2004-1052

Fecha: 21 de abril de 2006

Tribunal de Apelaciones:

> Región Judicial de San Juan-Panel III

Juez Ponente:

> Hon. Luis Rivera Román

Abogada de la Parte Recurrida:

> Lcda. Ileana Guzmán Carreras

Abogado de la Parte Peticionaria

> Lcdo. Julio Bonilla Rivera

Materia: Revisión Administrativa procedente de la Junta de Apelaciones sobre Construcciones y Lotificaciones

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Vélez Rodríguez

     Recurrida

       v.

  Administración de
Reglamentos y Permisos

     Apelada

  Edwin Rivera Delgado

  Opositor-Peticionario

                           Certiorari

                     CC-2004-1052

Opinión del Tribunal emitida por la Jueza Asociada SEÑORA FIOL MATTA

              En San Juan, Puerto Rico, a 21 de abril de 2006.

      El Tribunal de Apelaciones se negó a expedir el recurso de revisión solicitado en este caso, avalando de esa forma la determinación de la Junta de Apelaciones sobre Construcciones y Lotificaciones (JACL) que revocó a la Administración de Reglamentos y Permisos (ARPE). Ambos organismos apelativos entendieron que el permiso de uso solicitado era "permitido ministerialmente", por lo cual ARPE no tenía discreción para denegarlo. Nos corresponde, pues, resolver si efectivamente se trata de un uso permitido "ministerialmente" por el Reglamento de Zonificación de Puerto Rico o si ARPE actuó correctamente al considerarla bajo las disposiciones del mecanismo de "excepciones"

al amparo de dicho Reglamento. Además, debemos determinar si JACL está limitada en su función como agencia apelativa administrativa por la norma de deferencia aplicable a la revisión judicial.

I.

La Sra. Carmen Vélez Rodríguez presentó ante la Administración de Reglamentos y Permisos, en adelante ARPE, una solicitud de permiso de uso para operar un centro de cuidado diurno infantil. El centro se ubicaría en los bajos de la residencia de la solicitante, en un solar con cabida superficial de 800.001 metros cuadrados en el Barrio Jagual del Municipio de Gurabo. Dicha propiedad es la última de diez (10) solares a lo largo de una calle sin salida, en un área zonificada como Distrito Residencial Uno (R-1). De los diez (10) solares en dicha área, nueve (9) están edificados; seis (6) con viviendas y tres (3) con estructuras utilizadas para fines comerciales. Entre estos usos comerciales, uno es una compañía de pinturas, el otro un taller de mecánica, y el tercero, localizado en la propiedad colindante a la residencia de la señora Vélez Rodríguez, es un centro de cuidado diurno. El centro de cuido propuesto por la señora Vélez Rodríguez operaría de lunes a viernes, de 6:00 a.m. a 6:00 p.m., con una matrícula de veinticuatro (24) niños y cuatro (4) empleados.

La señora Vélez Rodríguez solicitó que su caso se evaluara conforme al mecanismo de excepciones dispuesto en el Reglamento de Zonificación de Puerto Rico. La proponente notificó de la solicitud a los dueños de las

propiedades colindantes del sector. En vista de la oposición de algunos vecinos de la propiedad a la concesión del permiso, se celebró una vista administrativa ante un oficial examinador de ARPE. En la vista testificaron la proponente y algunos de los vecinos opositores. Entre estos testificó la Sra. Ana I. Tañón, quien se opuso al uso propuesto por ser ella dueña del otro centro de cuido que opera en la misma calle. También declaró el Lcdo. Edwin Rivera Delgado, residente de la propiedad colindante al solar bajo estudio. El licenciado Rivera Delgado se opuso por entender que el centro incrementaría el serio problema de tráfico en la calle sin salida que da acceso a todos los solares, pues la propiedad de la proponente se encuentra al final de la calle, y colinda con el centro de cuido de la señora Tañón, que atiende alrededor de treinta (30) niños. Alegaron los opositores que el centro existente, de por si, causa problemas de tráfico debido a la gran cantidad de vehículos que llegan al lugar.

La proponente, señora Vélez Rodríguez, reconoció que en el área había algún problema de tráfico por los negocios allí situados, debido a que sólo había una entrada a la comunidad y que ésta permite el acceso de un solo vehículo a la vez. En específico, expresó que la operación del taller de pinturas requería la entrada y salida constante de varios vehículos y equipo pesado. Además, admitió que el limitado espacio de estacionamiento del centro de cuido ya existente provocaba que sus empleados y visitantes utilizaran el redondel que colinda con el predio para el cual se solicita el permiso. No

obstante, adujo que la operación del centro de cuido propuesto no causaría mayores problemas al sector.

Una vez concluida la vista, el Oficial Examinador recomendó denegar el permiso de uso solicitado. Concluyó que el aumento en el flujo de vehículos en la zona afectaría la calidad de vida de los vecinos ya que "la propiedad ubica al final de una calle sin salida y en especial que al frente de ésta existe un centro de cuido en operación". ARPE acogió las conclusiones del Oficial Examinador y emitió una resolución denegando la solicitud presentada por la señora Vélez Rodríguez.

Así las cosas, la señora Vélez Rodríguez presentó oportunamente un escrito de apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, en adelante Junta de Apelaciones o JACL. Alegó que la estructura física, diseño y cabida de su propiedad provee espacio para estacionamiento y un área de viraje suficiente para los vehículos que entren al predio, lo que facilita el flujo eficiente y planificado del tráfico.

La Junta de Apelaciones celebró una vista en la cual las partes tuvieron la oportunidad de presentar prueba, que fue muy similar a la presentada ante ARPE. Concluida la vista, JACL revocó la determinación de ARPE. Concluyó que los reglamentos aplicables permitían el uso solicitado *ministerialmente* en un distrito R-1, por lo cual no era necesario utilizar el mecanismo de excepciones. También determinó que el uso solicitado era viable, porque las características de la propiedad eran ideales para ello. Indicó, además, que dicho uso era necesario, dada la realidad actual de la familia puertorriqueña, en la que

usualmente ambos padres trabajan fuera del hogar. Por último, expresó que denegar el permiso penalizaría a la proponente quien a su entender cumplió con los requisitos reglamentarios, "a consecuencia de otros usos existentes en el sector que a juicio de la parte opositora perjudican su calidad de vida". Por tanto, la Junta de Apelaciones autorizó el permiso de uso solicitado por la señora Vélez Rodríguez, con la sola condición de que habilitara un área para el recogido y entrega de niños.

El licenciado Rivera Delgado solicitó reconsideración oportunamente. La agencia la declaró sin lugar, luego de lo cual el licenciado Rivera Delgado solicitó al Tribunal de Apelaciones que revisara la decisión de JACL. Alegó que la Junta de Apelaciones actuó de manera arbitraria y caprichosa al celebrar una nueva vista y al sustituir el criterio de ARPE por el suyo. Arguyó que la agencia apelada abusó de su discreción al otorgar el permiso solicitado aun cuando éste trastocaría la seguridad, salud y bienestar de la comunidad, además de afectar el valor de sus propiedades. Sostuvo además que el permiso de uso solicitado tenía que ser evaluado por el mecanismo de excepciones, el cual requiere el análisis de varios factores, y que en última instancia la aprobación o denegación del permiso es un ejercicio de adjudicación *discrecional* y no *ministerial*.

El tribunal apelativo denegó la expedición del recurso solicitado. Concluyó que JACL tenía facultad en ley para llegar a sus propias conclusiones, y que su determinación fue razonable y sustentada por su conocimiento especializado, por lo cual merecía la mayor deferencia judicial. Inconforme, el licenciado Rivera Delgado nos

solicita la revocación de esta decisión del foro apelativo. Alega que ese tribunal erró al autorizar el permiso solicitado ignorando el interés público y comunitario, y al permitir a JACL sustituir el criterio de la agencia administrativa de instancia por el suyo. Además, nuevamente arguye que se cometió un error al considerar el uso solicitado como de aprobación ministerial, a pesar de haberse utilizado el mecanismo de excepción cuya aprobación es de carácter discrecional.

Examinado el recurso, ordenamos a la parte recurrida mostrar causa por la cual no debíamos expedir el auto y revocar la resolución del tribunal apelativo. Con la comparecencia de ambas partes, procedemos a expedir y resolver el recurso presentado.

II.

Nuestro derecho administrativo se basa en una actitud de gran consideración y deferencia de parte de los tribunales a las decisiones de las agencias administrativas. De ahí que los procesos administrativos y las determinaciones de hechos de las agencias estén cobijados por una presunción de regularidad y corrección. Por eso, la revisión judicial se limita a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de manera arbitraria, caprichosa o ilegal.

Subyace a esta actitud deferencial el respeto por nuestro sistema constitucional de separación de poderes y el reconocimiento de que las agencias ejecutivas poseen

conocimientos y experiencias especializados sobre los asuntos que les han sido delegados. Rivera Concepción v. ARPE, 152 D.P.R. 116 (2000); Misión Industrial de Puerto Rico v. Junta de Calidad Ambiental, 145 D.P.R. 908 (1998). Este rol judicial inherentemente limitado está cimentado también en la teoría, traducida a política pública, de las ventajas institucionales de un sistema regulatorio predominantemente técnico y especializado, que aunque es producto de acción legislativa es implementado por la rama ejecutiva, y que reserva al poder judicial una función más bien correctora de los excesos o abusos de discreción en que incurran las agencias que administran este sistema y de sus actuaciones ultra vires. De ahí que la doctrina de deferencia judicial presupone una participación restringida y limitada de los tribunales en la revisión de las acciones administrativas, pues lo que se busca es "evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor". (citando a P.R.T.C. v. Junta Reg. Tel. de P.R., 151 D.P.R. 269, 282 (2000), énfasis suplido). Es palpable, pues, que la norma de deferencia, en su propósito, justificación e historial, presupone que la relación de revisión se da entre una agencia administrativa y un tribunal.

Sin embargo, el peticionario, licenciado Rivera Delgado, nos solicita que nos apartemos de este esquema de revisión judicial de decisiones administrativas, para sostener que JACL está igualmente limitada en su función apelativa frente a las decisiones de ARPE. Aduce que la norma que limita el alcance de la intervención de los tribunales en la revisión de decisiones administrativas le aplica a JACL, porque ésta ejerce funciones de carácter

cuasi judicial. La opinión concurrente propone adoptar esta visión y concluye que JACL le debe a ARPE la misma deferencia que debe mostrar un tribunal al revisar las determinaciones finales de una agencia.

Concluimos, por el contrario, que el peticionario no tiene razón al alegar que la Junta de Apelaciones se excedió en su función revisora, y por consiguiente abusó de su discreción, al sustituir el criterio de la agencia apelada por el suyo. La norma de deferencia judicial, como bien lo indica el termino, sólo aplica cuando un tribunal revisa la actuación de una agencia, y no en la relación entre una agencia apelativa y una agencia que actúa en primera instancia. Además, como veremos, la Junta de Apelaciones está facultada en ley para formular sus propias determinaciones, e incluso llegar a conclusiones distintas a las de la agencia apelada. Ello no obstante resolvemos, por otras razones, que el Tribunal de Apelaciones erró al negarse a expedir el auto de revisión en este caso.

III.

La Junta de Apelaciones de Planificación, Urbanización y Zonificación fue creada en 1942 junto a la Junta de Planificación. Ambas formaron parte de lo que sería un nuevo esquema en Puerto Rico para regular el desarrollo urbano y la zonificación y uso de los terrenos. Véase Ley Núm. 213 de 12 de mayo de 1942. La Junta de Apelaciones adquirió su actual nombre en 1946, cuando la Ley orgánica de la Junta de Planificación fue enmendada para establecer un Negociado de Permisos, que desempeñaría las funciones que hoy día ejerce ARPE. En 1950, de acuerdo a un plan de

reorganización preparado por el Gobernador de Puerto Rico, el Negociado de Permisos fue transferido para que funcionase bajo la supervisión y dirección de la Junta de Planificación. Por disposición del mismo plan, se suprimió la Junta de Apelaciones y sus funciones se transfirieron a la Junta de Planificación. Sin embargo, a finales de la década de los años cincuenta resurge la Junta de Apelaciones sobre Construcciones y Lotificaciones, por virtud de la Ley Núm. 95 de 30 de junio de 1959, que establece sus facultades y jurisdicción.

El rol de la Junta de Apelaciones sobre Construcciones y Lotificaciones como un organismo administrativo de carácter cuasi judicial fue reafirmado por la Ley Orgánica de la Administración de Reglamentos y Permisos, Ley núm. 76 de 24 de junio de 1975. Acorde a su título, esta legislación creó también la Administración de Reglamentos y Permisos, agencia que debe aplicar a casos individuales los reglamentos de la Junta de Planificación y está a cargo del proceso de concesión de permisos de uso y construcción. Asoc., C.D. Octubre v. JACL, 116 D.P.R. 326, 331 (1985). Ambos organismos, JACL y ARPE, formaron parte de un esquema administrativo integrado, encargado de "aplicar y velar por el cumplimiento de las leyes y reglamentos de planificación". Junta de Planificación v. JACL, 109 D.P.R. 210, 214 (1979).

La Junta de Apelaciones fue investida de jurisdicción apelativa para, entre otras, revisar las actuaciones, determinaciones o resoluciones de ARPE con relación a

permisos de construcción, uso de edificios y lotificaciones simples.[1] Art. 31(a) de la Ley Orgánica de la Administración de Reglamentos y Permisos, 23 L.P.R.A. sec. 72c. Véase además Sec. 23.00 del Reglamento de Procedimientos Adjudicativos de la Administración de Reglamentos y Permisos, Reglamento núm. 6435 de 19 de abril de 2002. El rol de JACL es servir como organismo de apelación interagencial *previo* al trámite de un recurso de revisión judicial ante los tribunales. Maymí v. Gob. Mun. Aut. Ponce, 151 D.P.R. 689, 698 (2000); Junta de Planificación v. JACL, supra, pág. 218.

La Junta de Apelaciones no tiene autoridad discrecional en su competencia apelativa, sino que actúa *con* las mismas facultades y los mismos poderes que ARPE, el organismo con jurisdicción original. Esto se desprende del inciso (c) del artículo 31 de la Ley Orgánica de la Administración de Reglamento y Permisos, que dispone que JACL podrá decretar órdenes, requerimientos, resoluciones o las determinaciones que a su juicio deban dictarse y, a tal fin, "tendrá los mismos poderes del funcionario u organismo de cuya actuación se apela...". 23 L.P.R.A. sec. 72c(c) (3) énfasis suplido.

Además, el inciso (c) del artículo 31 también dispone que antes de decidir la apelación JACL deberá celebrar una vista en la cual participarán la agencia apelada y las partes interesadas o afectadas. En esta vista JACL "podrá

---

[1]     Además, está facultada para revisar determinaciones de ARPE sobre permiso de uso de solares para áreas de estacionamiento, planos de lotificación y solicitudes de dispensa del cumplimiento de requisitos de un Reglamento de Planificación mediante una concesión o autorización directa.

recibir toda la prueba que resulte necesaria para adjudicar casos...". 23 L.P.R.A. sec. 72c. Evidentemente, esta disposición permite que una vez se presente la apelación administrativa, JACL pueda considerar el caso en todos sus méritos, igual que lo hace ARPE, que es la agencia que actúa en primera instancia. Junta de Planificación v. JACL, supra, pág. 219.

Obviamente, JACL no está limitada a revisar únicamente la prueba que consideró el funcionario con jurisdicción original en el asunto. Junta de Planificación v. JACL, supra, págs. 216-17. El historial legislativo revela que el proyecto de la Ley Orgánica de ARPE que se presentó originalmente ante la Asamblea Legislativa intentó limitar la evaluación de JACL a la prueba presentada y considerada por el funcionario u organismo apelado. Sin embargo, JACL objetó a que se limitaran de esta forma los poderes que le fueron otorgados por la Ley Núm. 95 de 1959, supra. Al respecto expresó lo siguiente:

> Esta Junta de Apelaciones entiende recomendable que ésta continúe como hasta el presente, recibiendo toda la prueba disponible que ofrezcan las partes, en todos los casos, tanto aquellos en que se han celebrado vista pública ante la agencia apelada como aquellos en que ésta no ha sido celebrada la misma[sic]. Junta de Planificación v. JACL, supra, pág. 217 (citando a Junta de Apelaciones sobre Construcciones y Lotificaciones, Memorial al Presidente de la Comisión del Desarrollo Socioeconómico y Planificación de la Cámara de representantes sobre P. de la C. 1272, pág. 12).

En pasadas ocasiones, hemos interpretado que disposiciones de ley similares a la citada, que permiten a organismos apelativos celebrar vistas, recibir prueba y hacer sus propias determinaciones, establecen en realidad facultades revisoras de la naturaleza de un *juicio de novo*. Vélez Quiñones v. Srio. de Instrucción, 86 D.P.R. 755, 759-

760 (1962). Al indicar el inciso (c) del artículo 31 que se podrá recibir *"toda la prueba* que resulte necesaria", se permite que la revisión de la determinación de ARPE no esté sujeta sólo al récord administrativo. La Junta de Apelaciones estaría entonces autorizada a emitir las órdenes y requerir la información que estime pertinente, e incluso a tomar en consideración prueba adicional a la evaluada por la agencia apelada. Dada la amplia prerrogativa para solicitar prueba y para evaluarla que la ley le concede a JACL, es obligatorio concluir que ésta puede llegar a conclusiones propias a base de la prueba desfilada.[2]

De esa forma, el ámbito de revisión de JACL no está limitado por el principio de deferencia judicial. El que JACL sea una agencia de carácter cuasi judicial no implica que esté obligada a darle deferencia a las determinaciones de hechos y conclusiones de ARPE. Llegar a una conclusión contraria supone una abstracción irrazonable de las disposiciones legales que crean esta agencia apelativa administrativa y establecen sus facultades. Tratándose de una agencia, sería irrazonable aplicarle doctrinas que por su propia naturaleza y razón de ser sólo hacen sentido en un contexto propiamente judicial. Además, limitar a JACL de esta manera tergiversa el esquema administrativo adoptado en 1976 que, por las razones que fueran, refleja la intención legislativa de dar a JACL una función más amplia que la de un tribunal revisor.

---

[2] Véase, e.g., la sentencia dictada en Ayala Alicea v. E.L.A., 118 D.P.R. 507, 510 (1987).

IV.


Una vez agotado el proceso administrativo, que incluye la apelación interagencial, la decisión final deberá revisarse judicialmente dentro de los parámetros del principio de deferencia judicial y su corolario, la presunción de regularidad y corrección de los procesos y decisiones administrativas. Rivera Concepción v. ARPE, 152 D.P.R. 116, 122-123 (2000). Opera entonces el esquema de revisión fundado en la especialización de las agencias que fue desarrollado por la jurisprudencia y recogido años después en la Ley de Procedimiento Administrativo Uniforme de Puerto Rico (LPAU), 3 L.P.R.A. secs. 2101 a 2201.

Al igual que ARPE, JACL evalúa factores técnicos de gran complejidad. Asoc., C.D. v. JACL, supra, pág. 333. Véase además ARPE v. Ozorez Pérez, 116 D.P.R. 816, 821 (1986). Por eso, los tribunales debemos revisar las decisiones de JACL, como organismo apelativo administrativo, de acuerdo a las normas derivadas del principio de deferencia.[3] Dentro de este marco normativo, debemos

---

[3] La sección 4.5 de la LPAU dispone que las determinaciones de hechos de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo, mientras que las conclusiones de derecho serán revisables en todos sus aspectos. 3 L.P.R.A. sec. 2175. Ahora bien, en ocasiones los tribunales pueden enfrentarse a controversias que no siempre son tajantemente de "hecho" o de "derecho". En estos casos, como bien señala el profesor Demetrio Fernández Quiñones, "[p]ara que la concepción interpretativa de la agencia pueda prevalecer y recibir un trato deferencial, es imprescindible que se reúnan los requisitos de consistencia y razonabilidad [sic] con el propósito legislativo". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Colombia, Ed. Forum, 1993, Sec. 9.4, pág. 549. Véase además Rivera Concepción v. ARPE, supra, págs. 122-124.

concluir que en esta ocasión, aunque JACL no excedió el alcance de su facultad apelativa al revisar la decisión de ARPE, erró en su dictamen final, según explicaremos a continuación.

La Junta de Apelaciones tomó su decisión tras celebrar una vista en la que participaron las mismas partes que lo hicieron en primera instancia en el procedimiento administrativo, así como la agencia apelada, ARPE. Todas tuvieron la oportunidad de comparecer, ser oídas y presentar prueba. Tanto ARPE como JACL procedieron conforme a los procesos ordenados por las leyes aplicables. Ambas agencias aquilataron la prueba presentada por las partes interesadas, los requisitos y características del distrito, las actividades comerciales realizadas en el sector y el impacto del uso solicitado en el área. No obstante, llegaron a conclusiones distintas. ARPE determinó que el uso solicitado no era viable, por los efectos adversos que tendría en el área. En cambio, JACL concluyó que el uso era viable debido a que las condiciones del solar eran óptimas para el uso solicitado, y que no se afectaría el tránsito vehicular en el área. Además, JACL consideró la política pública que alienta el establecimiento de centros de cuidado de niños.

V.


Nos corresponde entonces evaluar la racionalidad de la decisión de JACL, dentro del marco de deferencia *judicial* ya descrito. Un examen detenido de la decisión emitida por JACL revela que este organismo no hizo un análisis exhaustivo del punto neurálgico de la controversia, esto es, el efecto que

tendría la concesión del permiso en la seguridad, la salud y el interés de la comunidad.

La Junta de Apelaciones fundamentó su resolución en que el Reglamento de Zonificación permite el uso solicitado "ministerialmente". Interpretó que por ello ARPE tiene el deber ministerial de aprobarlo, puesto que no tiene discreción para decidir si procede o no un uso expresamente permitido por el reglamento. Tanto JACL como el tribunal apelativo justificaron la existencia del "deber ministerial" aplicando la sección 11.02 del Reglamento de Planificación Número 4. Esta sección permite el uso de un solar de *novecientos (900) metros cuadrados o más* para establecer un centro de cuidado de niños. Ahora bien, las resoluciones de ARPE y de JACL determinaron, como cuestión de hecho, que el solar donde se propone ubicar el centro de cuidado tiene una cabida superficial de *800.01 metros cuadrados*. Por tanto, no está presente el supuesto fáctico fundamental para aplicar la citada sección 11.00, ya que ésta requiere que el solar a evaluarse tenga una cabida mayor de 900.00 metros cuadrados de cabida superficial. En vista de lo anterior, ARPE no tenía el deber ministerial de aprobar la solicitud para el permiso de uso, sino que dicha solicitud tenía que considerarse necesariamente bajo el mecanismo de excepción que contempla la sección 84.00 del Reglamento de Planificación.

En Asoc., C.D. Octubre v. JACL, supra, señalamos que cuando los organismos administrativos encargados de la planificación y ordenamiento físico del país autoricen o denieguen el uso solicitado de un solar por el mecanismo de "excepción", deben tomar en consideración, entre otros, los

siguientes factores: (1) la necesidad que tenga el vecindario en particular de la actividad que se pretende establecer y si en el área ya existen actividades similares; (2) la conveniencia de la actividad para el vecindario o sector en particular, para que el mismo no resulte adverso a la salud, la moral, la seguridad y el bienestar público del vecindario; (3) la característica particular del vecindario en controversia; (4) la deseabilidad de que se concentren facilidades similares en el mismo sector; (5) el tráfico vehicular y el ruido que generará la actividad solicitada; y (6) si el carácter específico del vecindario particular debe recibir un tratamiento distinto al del sector en general. Id., págs. 336-337.

En su resolución, JACL adoptó las determinaciones de hechos de ARPE, pero llegó a una conclusión diametralmente opuesta al entender que el solar de referencia "provee suficiente espacio para estacionamiento y viraje". Como fundamento, JACL señala únicamente la necesidad de autorizar centros de cuidado de niños para atender la realidad de las familias puertorriqueñas. No consideró en su resolución que el sector específico en el que se propone este uso está compuesto por diez solares y cuenta con una sola calle sin salida con un agudo problema de tráfico vehicular. La resolución tampoco contiene un análisis de las consecuencias que tendría para el vecindario el uso solicitado ni se observa que se hayan analizado los factores desarrollados por la jurisprudencia y que deben tomarse en consideración al autorizar o denegar el uso de un solar.[4] En esas

_____

[4] La irrazonabilidad e inconsistencia de la decisión de JACL se desprende de la misma resolución, según la cual: "a nuestro juicio las características de la propiedad en controversia son ideales para este uso. *Desconocemos si el centro de cuido diurno existente y perteneciente a la Sra.*

circunstancias, la decisión de revocar a ARPE resulta, cuando menos, arbitraria. Reiteradamente hemos resuelto que una decisión administrativa concediendo o denegando excepciones o variaciones acorde a los Reglamentos de Zonificación debe estar debidamente fundamentada. López v. Junta de Planificación, supra.

A pesar de las amplias prerrogativas de JACL al revisar las actuaciones de ARPE, dicha junta apelativa no puede revocar arbitrariamente las determinaciones de esa agencia y sustituirlas por las suyas. Conforme a lo explicado, ARPE es la agencia administrativa a la que se ha delegado la aplicación de los reglamentos de planificación a casos individuales y la implantación de los procesos de concesión de permisos de uso y construcción. La Ley le otorga gran discreción a ARPE para aplicar los reglamentos y cumplir sus deberes administrativos. Debe tomarse en cuenta que ARPE cuenta con los recursos profesionales y técnicos necesarios para llevar a cabo su encomienda. Por eso, aun cuando JACL está autorizada a llegar a sus propias conclusiones, ésta no debe rechazar caprichosamente las determinaciones de la agencia apelada. Permitir la actuación irrazonable de los organismos apelativos interagenciales provocaría la ineficacia del esquema ideado por el legislador para atender las necesidades de un desarrollo y vida urbana ordenados. Ese esquema no prevé que ARPE pase a ser un mero oficial examinador de JACL, ni que su determinación en primera instancia sea un paso *pro forma* en camino al organismo

---

*Tañón puede proveer estacionamiento y área de viraje*". (énfasis nuestro)

apelativo. La consecuencia inmediata de esta concentración del poder decisorio en JACL sería una duplicidad innecesaria de los procedimientos administrativos.

Resolvemos que ARPE estaba obligada a evaluar el uso solicitado tomando en consideración las normas referentes a excepciones, junto a la combinación de factores que presenta el caso de autos y ejercer su discreción para determinar si procedía la aprobación. Fundándose en determinaciones de hechos evaluadas según los criterios que estimó pertinentes, ARPE emitió una decisión razonable al denegar la solicitud de permiso de uso. Por su parte, JACL actuó contrario al Reglamento al revocar la determinación de ARPE, y al determinar que no procedía considerar el uso solicitado vía el mecanismo de excepciones, emitiendo su decisión de forma ministerial conforme una sección del reglamento que no era pertinente al caso de autos. La actuación de JACL permitió que su facultad apelativa fuese utilizada con el propósito de obviar las disposiciones reglamentarias que está obligada a implantar. Esto es contrario a la intención legislativa que motivó su creación.[5] Por tanto, la decisión de JACL fue arbitraria y contraria a derecho.

Por todo lo anterior, procede expedir el auto para revocar las resoluciones del Tribunal de Apelaciones y de la

---

[5] Originalmente, el artículo que establecía las facultades de JACL, disponía que ésta velaría por que el ejercicio de su facultad apelativa no fuese utilizada con el propósito de obviar las disposiciones reglamentarias. Dicho lenguaje fue excluido del proyecto de ley finalmente aprobado. La eliminación de esta disposición fue recomendada por la Cámara de Representantes, pues consideraba que "la misma es innecesaria, ya que queda implícito y dentro del espíritu y la intención del proyecto el que todos los organismo públicos cumplan con esta obligación". Informe Conjunto de la Cámara de Representantes sobre el P. del S. 1074, mayo 1975, en la pág. 13.

Junta de Apelaciones sobre Construcciones y Lotificaciones, y por consiguiente, reinstalar la resolución emitida por la Administración de Reglamentos y Permisos.

Se dictará sentencia de conformidad.


                                        Liana Fiol Matta
                                        Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Vélez Rodríguez

    Recurrida

       v.

  Administración de
Reglamentos y Permisos

      Apelada

 Edwin Rivera Delgado

Opositor-Peticionario

                                     Certiorari

                                     CC-2004-1052

SNTENCIA

En San Juan, Puerto Rico, a 21 de abril de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se expide el auto para revocar las resoluciones del Tribunal de Apelaciones y de la Junta de Apelaciones sobre Construcciones y Lotificaciones, y por consiguiente, reinstalar la resolución emitida por la Administración de Reglamentos y Permisos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió opinión concurrente y disidente. El Juez Asociado señor Fuster Berlingeri no intervino.

                            Aida Oquendo Graulau
                            Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PURTO RICO

Carmen Vélez Rodríguez

    Apelante-recurrida

       vs.

Administración de Reglamentos
y Permisos                        CC-2004-1052    CERTIORARI

    Apelada

Edwin Rivera Delgado

    Peticionario


OPINIÓN CONCURRENTE Y DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 21 de abril de 2006

Un examen de la jurisprudencia de este Tribunal revela las innumerables ocasiones en que este Foro se ha expresado a los efectos de que cuando una ley en particular resulta ser contraria a otra ley --y ambas, examinadas individualmente y por separado, son constitucionales-- el Tribunal viene en la <u>obligación</u> de <u>armonizar</u> las disposiciones de ambas leyes con el obvio propósito de llegar a un resultado correcto y justo en el caso en ese momento ante la consideración del Tribunal. <u>Departamento de Hacienda</u> v. <u>Telefónica Larga Distancia de Puerto Rico</u>, res. el 17 de marzo de 2005, 2005 TSPR 32; <u>Mun. de San Juan</u> v. <u>Banco</u>

Gubernamental de Fomento, 140 D.P.R. 873, 884 (1996); Andino v. Fajardo Sugar Co., 82 D.P.R. 85, 94 (1961).

La facultad de armonizar leyes contradictorias es consecuencia lógica y directa del poder inherente que poseemos, como máximo foro judicial del País, de interpretar las leyes del Estado Libre Asociado de Puerto Rico, Suárez Jiménez v. C.E.E., res. el 30 de noviembre de 2004, 2004 TSPR 185; Peña Clos v. Cartagena Ortiz, 114 D.P.R. 576 (1983), y del hecho, real e inescapable, de que no hay otra alternativa ya que la misma es la única solución práctica y viable a nuestro alcance para resolver una situación de esta naturaleza.

Por otro lado, sabido es que también hemos resuelto que, no importa la terminología que contenga una ley en particular, venimos en la obligación de interpretar la misma en forma tal que no lleguemos a un resultado absurdo. Dicho de otra manera, no podemos adherirnos, inflexiblemente, al sentido literal de la terminología de una ley si esa terminología nos lleva a un resultado que, obviamente, el legislador no pudo tener en mente, ni desear, por razón de que el mismo resulta ser ilógico o absurdo. Véase: Morell Corrada v. Ojeda, 151 D.P.R. 864 (2000).

Ese, precisamente, es el grave error que, lamentablemente, comete la mayoría de los integrantes del Tribunal en el presente caso al erróneamente interpretar las disposiciones de la Ley Núm. 76 del 24 de junio de

1975; estatuto que creó tanto la Administración de Reglamentos y Permisos (A.R.P.E.) como la Junta de Apelaciones sobre Construcciones y Lotificaciones (J.A.C.L.).

I

La relación de hechos que hace la Mayoría es una adecuada, razón por la cual, y con el propósito de no cansar al lector, adoptamos la misma. Nos dedicamos a expresar el derecho aplicable y las razones por las cuales somos del criterio que la Opinión mayoritaria emitida es completamente errónea y perjudicial a los mejores intereses de nuestra ciudadanía y del gobierno.

II

La Administración de Reglamentos y Permisos (A.R.P.E.), creada mediante la Ley Núm. 76 del 24 de junio de 1975, 23 L.P.R.A. secs. 71 *et seq.*, es la agencia con amplia discreción sobre la formulación y mantenimiento de la política pública a seguir con relación al trámite de la concesión y denegación de permisos de uso y la intención de proveer los remedios legales necesarios para que dicha agencia pueda velar por el cumplimiento efectivo de sus determinaciones. Asoc. Pro Bienestar Vecinos Urbanización Juan B. Huyke v. Banco Santander, res. el 28 de junio de 2002, 2002 T.S.P.R. 97; A.R.P.E. v. Ozore Pérez, 116 D.P.R. 816 (1986). Dicha agencia está investida con la

facultad de aplicar y velar por el cumplimiento de las leyes y reglamentos de planificación. <u>Asoc. C.D. Octubre</u> v. <u>J.A.C.L.</u>, 116 D.P.R. 326, (1985).

Sobre el requerimiento de permisos de uso, dispone la Sección 3.02 del Reglamento de Zonificación, ante, que:

> A partir de la fecha de vigencia de este Reglamento se requerirá la expedición <u>por la</u> <u>A.R.P.E.</u> de un permiso de construcción para toda construcción, reconstrucción, alteración, ampliación o traslado de cualquier estructura, así como un permiso de demolición <u>o de un permiso</u> <u>de uso para ocupar o usar cualquier propiedad,</u> <u>estructura o terrenos</u>. (Énfasis nuestro) (citas omitidas).

Conforme lo anterior, está dentro de las prerrogativas y "expertise" de dicha Agencia la concesión o denegación de un permiso en casos en que así lo entienda correspondiente.

Por otro lado, la Junta de Apelaciones es un organismo administrativo, <u>de carácter *cuasi* judicial</u>, creado <u>también</u> al amparo de la Ley Núm. 76 de 24 de junio de 1975. <u>Maymí</u> <u>Martínez</u> v. <u>Gobierno Municipio Autónomo de Ponce</u>, 151 D.P.R. 689 (2000); <u>Junta de Planificación</u> v. <u>J.A.C.L.</u>, 109 D.P.R. 210 (1979).

Dispone el Artículo 30, Inciso (a), de la referida Ley[6], que:

> La Junta de Apelaciones tendrá facultad para entender exclusivamente en aquellos casos en que una parte directamente interesada o afectada por actuaciones, determinaciones o resoluciones de la Administración de Reglamentos y Permisos en relación con: permisos de construcción y de uso de edificios, permiso de uso de solares, para

---

[6] 23 L.P.R.A. sec. 72b.

áreas de estacionamiento; casos y planos de lotificación simple; planos de lotificación; casos donde se solicite la dispensa del cumplimiento de requisitos de un Reglamento de Planificación mediante una concesión o autorización directa. (. . .) (citas omitidas).

El referido organismo cuenta con jurisdicción apelativa, limitada la misma a revisar actuaciones o determinaciones de A.R.P.E. relacionadas con permisos de construcción, uso y lotificaciones simples, entre otros. Maymí Martínez v. Gobierno Municipio Autónomo de Ponce, ante; Junta de Planificación v. J.A.C.L., ante. Como vemos, el aludido Artículo 30 contempla la revisión interagencial de las determinaciones de A.R.P.E., previo al trámite de revisión judicial.

Dispone el Inciso (c) del Artículo 31 que la Junta de Apelaciones celebrará una vista, con notificación previa a la Junta de Planificación, a la Administración, y a las partes interesadas o afectadas, en la cual podrá recibir toda la prueba que resulte necesaria para adjudicar casos y deberá dictar su resolución dentro de los treinta (30) días siguientes a dicha vista.

Establece dicho Inciso (c), además, que "[l]a Junta de Apelaciones podrá decretar a nivel apelativo cualquier orden, requerimiento, resolución o determinación que a su juicio deba dictarse:

(1) Por motivo de perjuicios ocasionados por circunstancias especiales o extraordinarias cuando la actuación o resolución de la cual se apela resulta en una prohibición o

restricción irrazonable del derecho del apelante al uso y disfrute de su propiedad.

(2)     Por denegaciones viciosas para emitir los permisos necesarios; o

(3)     Por cualesquiera otras razones autorizadas en los reglamentos de la Junta de Planificación de Puerto Rico y de la Administración de Reglamentos y Permisos adoptados o aprobados a virtud de las secs. 62 a 63j de este título, este Capítulo o cualquiera ley, y, a tal fin la Junta de Apelaciones tendrá los mismos poderes del funcionario u organismo de cuya actuación se apela, remitiendo copia de su determinación a la Junta de Planificación y a la Administración de Reglamentos y Permisos." (Énfasis suplido).

Se desprende de lo anterior que, al realizar su función revisora y hacer cualquier determinación, la J.C.L.A. tomará en consideración si la actuación de la agencia a quien está revisando resultó en una restricción irrazonable del derecho del apelante al uso de su propiedad. En específico, al revisar la denegatoria de A.R.P.E a conceder un permiso, la J.C.L.A. tendrá que analizar si dicha denegatoria fue una correcta o, por el contrario, arbitraria.

En relación a ello, resulta necesario enfatizar que en nuestras decisiones previas aun cuando, ciertamente, hemos reconocido la facultad revisora de la J.A.C.L.[7], realmente no hemos elaborado una doctrina sobre el alcance del poder o facultad de revisión que tiene la J.A.C.L. respecto a las decisiones emitidas por A.R.P.E.

---

[7] Véase, Junta de Planificación v. J.A.C.L., ante y Rivera Concepción v. A.R.P.E., 152 D.P.R. 116 (2000).

III

La Mayoría, ante la comprensible dificultad a la cual se enfrenta --de intentar explicar lo inexplicable, esto es, tratar de explicar, en forma "satisfactoria", su errónea posición-- incurre en una serie de contradicciones que, realmente llaman la atención. Meramente a manera de ejemplo, tenemos que, a través de su ponencia, la Mayoría expresa que: A.R.P.E. es la "agencia que debe aplicar a casos individuales los reglamentos de la Junta de Planificación y está a cargo del proceso de concesión de permisos de uso y construcción"; que la citada Ley 76 "le otorga a A.R.P.E. gran discreción para aplicar los reglamentos y cumplir sus deberes administrativos"; que debe "tomarse en cuenta que A.R.P.E. cuenta con los recursos profesionales y técnicos necesarios para llevar a cabo su encomienda"; que el esquema ideado por el legislador, por medio de la citada Ley 76, "no prevé que A.R.P.E. pase a ser un mero oficial examinador de J.A.C.L., ni que su determinación [la de A.R.P.E.] en primera instancia sea un paso pro forma en camino al organismo apelativo", esto es, ante J.A.C.L.; que la "consecuencia inmediata de esta concentración del poder decisorio en J.A.C.L. sería una duplicidad innecesaria de los procedimientos administrativos"; que J.A.C.L. --cual es "un organismo administrativo de carácter cuasi-judicial"-- "no puede revocar arbitrariamente las determinaciones de [A.R.P.E.] y sustituidas por las suyas"; y que, "aun cuando

J.A.C.L. está autorizada a llegar a sus propias conclusiones, ésta <u>no</u> debe rechazar <u>caprichosamente</u> las determinaciones de" A.R.P.E.

De una lectura de las anteriores expresiones de la Mayoría se puede, lógica y razonablemente, concluir que ésta entiende que J.A.C.L. debe actuar con <u>deferencia</u> hacia las determinaciones de hechos y decisiones que emita A.R.P.E.

Ello no obstante, <u>e incurriendo en una patente contradicción</u>, la Mayoría a renglón seguido nos "ilustra" con expresiones tales como: que el hecho de que "J.A.C.L. sea una agencia de carácter cuasi judicial <u>no</u> implica que esté obligada a darle deferencia a las determinaciones de hechos y conclusiones de A.R.P.E."; y que "el esquema administrativo adoptado en 1976, <u>por las razones que fueran</u>, refleja la intención legislativa <u>de dar a J.A.C.L. una función más amplia</u> que la de un tribunal revisor".

¿<u>En qué quedamos</u>? ¿Debe J.A.C.L. concederle, o no, deferencia a las determinaciones, y a las decisiones, que haga y emita A.R.P.E. en un caso en particular? ¿A las determinaciones de qué agencia administrativa --A.R.P.E. o J.A.C.L.-- es que el foro judicial vendrá en la obligación de darle deferencia: a las de esta <u>super agencia</u> creada por la Mayoría en el presente caso, que tiene --"por las razones que fueran", conforme expresa la Mayoría --"una función más amplia que la de un tribunal revisor" <u>o</u> a A.R.P.E. que es la agencia que cuenta con el personal

especializado y el "expertise", o conocimiento técnico, en esta clase de situaciones?

Finalmente, la Mayoría --tal y como si hubiera descubierto a América-- sentencia que, dentro del esquema que establece la citada Ley 76, "la Junta de Apelaciones está facultada para formular sus propias determinaciones, e incluso llegar a conclusiones distintas a las de la agencia [A.R.P.E.] apelada".

No tenemos, realmente, objeción a esta última determinación mayoritaria. De hecho, no la podemos tener ya que cualquier institución revisora --sea judicial o administrativa-- así puede actuar al resolver un asunto que es traído ante su consideración.

A lo que sí tenemos objeción es a la determinación de que, en el ejercicio de la función que le concede la citada Ley 76, la Junta de Apelaciones no le debe deferencia alguna a la decisión que emita A.R.P.E. en un caso en particular. Debe mantenerse presente que, en esta clase de asuntos, A.R.P.E. es el organismo con conocimiento especializado en la materia; el mismo es el que cuenta con el apoyo técnico requerido para resolver las controversias complejas que surgen en esta clase de casos. Sus determinaciones y decisiones, ciertamente, merecen deferencia.

Determinar que, por el mero hecho de que la Ley 76 establece que la Junta de Apelaciones ". . .podrá celebrar una vista . . . ., en la cual podrá recibir toda la prueba

que resulte necesaria para adjudicar" el caso, ello significa que el procedimiento ante la Junta de Apelaciones es "de la naturaleza de un juicio de novo", es, por qué no decirlo, un error inconmensurable.

Se está creando, equivocadamente, una "duplicidad innecesaria" en perjuicio del interés público; ello en vista de que el Tribunal establece un esquema cuya consecuencia es el gasto innecesario de fondos públicos y de esfuerzo. Por otro lado, ello igualmente perjudica a las partes, las cuales se verán en la obligación de comparecer a dos procedimientos, separados totalmente el uno del otro, con el consabido gasto y pérdida de tiempo adicional. El establecimiento de estos dos procedimientos --totalmente separados el uno del otro-- es un resultado absurdo que nunca pudo ser contemplado por el legislador y que venimos en la obligación de evitar. La Opinión mayoritaria emitida ha convertido, a todos los efectos prácticos, los procedimientos ante A.R.P.E. en unos totalmente innecesarios y fútiles, a los cuales las partes, incluso, no le prestarán atención, ni le darán, importancia alguna. No podemos suscribir tal posición; disentimos de la misma.

Somos del criterio que nuestro deber, ante una situación como la presente, es armonizar las disposiciones de la citada Ley 76 mediante el establecimiento de un esquema que complemente los procedimientos ante A.R.P.E. y la Junta de Apelaciones, a saber: apelada una decisión de A.R.P.E. ante la Junta de Apelaciones, ésta deberá señalar

una <u>vista</u> en la cual las partes podrán presentar <u>prueba</u> <u>adicional</u> a la presentada por ellos ante A.R.P.E. Terminada esa etapa, <u>la Junta de Apelaciones</u> deberá decidir: 1) en el ejercicio de la <u>deferencia</u> que merecen las determinaciones de hechos de una agencia especializada, si las determinaciones de hechos realizadas por A.R.P.E. encuentran <u>apoyo sustancial</u> en la prueba que se presentara ante dicho organismo; y 2) si la <u>prueba adicional</u>, presentada por las partes en la <u>vista</u> celebrada ante la Junta de Apelaciones, <u>amerita, o no, una decisión distinta a la emitida por A.R.P.E. en el caso.</u>

Este curso decisorio, a nuestro juicio, <u>armoniza</u> las disposiciones de la Ley 76 del 24 de junio de 1975, evitando el resultado absurdo al que llega la Mayoría en el caso hoy ante nuestra consideración.


IV

En el presente caso, aun cuando, ciertamente, el uso solicitado por Vélez Rodríguez es uno de los permitidos por la reglamentación vigente[8], A.R.P.E., en virtud de las facultades concedidas por la Ley Núm. 76, ante -- <u>la cual</u> <u>le otorga a A.R.P.E. la facultad para decidir sobre</u> <u>solicitudes de permisos de uso y construcciones</u>-- tenía <u>amplia discreción</u> para determinar si autorizaba o no el

---

[8] En específico, por el antes citado Artículo 11.02 del Reglamento de Zonificación, Reglamento de Planificación Núm.4.

permiso de uso solicitado por Vélez Rodríguez. Previo a denegar el mismo, A.R.P.E. <u>aquilató</u> toda la prueba presentada por las partes en la vista administrativa <u>y tomó en consideración y evaluó</u>, entre otras cosas, los requisitos y características del distrito donde quedaría localizado el centro de cuido; las actividades comerciales del sector; y el impacto en el bienestar y la salud en el área. Esta determinación se hizo <u>tomando en cuenta</u> los negocios que ya operan allí, en específico el centro de cuido ya existente, y la ubicación de la propiedad de la proponente dentro de la calle, la cual es una en donde viven varias familias y que, además, es una calle sin salida, por lo cual sólo hay una entrada para los residentes, y para los clientes y visitantes de los negocios que allí se encuentran.

Fundándose en sus determinaciones de hecho, y a base de su "expertise", A.R.P.E. concluyó que el uso solicitado <u>no era viable</u> toda vez que se afectaría adversamente la calidad de vida de los vecinos debido al aumento en el tráfico vehicular que se ocasionaría en una zona que ya presentaba problemas de tráfico. <u>Dicha conclusión fue una razonable, por lo cual la denegación del permiso no fue una arbitraria.</u>

En revisión de la anterior conclusión, la J.C.L.A., tomando en consideración <u>la misma prueba</u> presentada en la vista celebrada ante A.R.P.E., <u>descartó</u> sus determinaciones y concluyó, a su vez, que las condiciones de la vivienda de

la proponente eran óptimas para la operación de un centro de cuido y que el flujo vehicular no se afectaría por el mismo. La J.C.L.A., al rechazar la conclusión de A.R.P.E. sin analizar su razonabilidad, ciertamente, sustituyó el criterio de ésta agencia por el suyo propio. Su proceder fue uno erróneo; sobre todo cuando consideramos que las partes no presentaron prueba adicional alguna en la vista ante la referida Junta.

Aun cuando, en efecto, la Junta de Apelaciones puede recibir prueba adicional para tomar una decisión, ello no implica que pueda hacer abstracción de los hechos adjudicados por A.R.P.E. y de sus conclusiones, siempre y cuando los primeros encuentren apoyo en la evidencia que obre en el expediente, y las segundas no sean arbitrarias, irrazonables o caprichosas. En fin, nos enfrentamos a una situación en que la J.A.C.L. --organismo *cuasi* judicial-- ha abusado de su discreción. La determinación de la Junta de Apelaciones no fue una razonable. Erró el foro apelativo al negarse a expedir el auto.

Por los fundamentos anteriormente expuestos, somos del criterio que procede la revocación de la actuación del Tribunal de Apelaciones en el presente caso.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado